IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NOEL JACKSON, #10553-062, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 18-cv-02221-NJR |
| | ) |
| UNITED STATES OF AMERICA,[1] | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Noel Jackson, an inmate who is currently incarcerated in the Federal Correctional Institution located at Greenville, Illinois ("FCI-Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his conviction and sentence in *United States v. Jackson*, No. 09-cr-50018-TLB-1 (W.D. Ark.) ("criminal case"). (Doc. 1). Jackson contends that his 1994 Missouri conviction for second degree burglary and his 1998 Kentucky conviction for first degree robbery no longer trigger his enhanced sentence as a career offender under United States Sentencing Guidelines § 4B1.1, in light of *Mathis v. United States*, -- U.S. --, 136 S. Ct. 2243 (2016). He also challenges his conviction for federal bank robbery under 18 U.S.C. § 2113 on jurisdictional grounds, given the absence of any reference to § 2113(f) in his indictment.

This matter is now before the Court for preliminary review of the Section 2241 Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss

---

[1] The proper respondent in this federal habeas action is the petitioner's custodian (*i.e.*, FCI-Greenville's warden), not the United States of America. *See Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 948-49 (7th Cir. 2006).

1

the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases. The Section 2241 Petition does not survive screening under this standard.

## Background

In February 2009, Jackson was indicted on two counts of bank robbery, two counts of brandishing a firearm during a crime of violence, and two counts of being a felon in possession of a firearm. *United States v. Jackson*, No. 09-cr-50018-TLB-1 (W.D. Ark.) ("criminal case"). He pleaded guilty[2] to two counts of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 73, criminal case). The Government dismissed the remaining counts. He was sentenced to a 420 month term of imprisonment on September 8, 2009. (Doc. 76, criminal case).

On appeal, Jackson argued that the district court erred when it denied a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and departed from the career offender Guideline sentencing range under U.S.S.G. § 4B1.1. (Doc. 89, criminal case). The Eighth Circuit Court of Appeals affirmed Jackson's conviction and sentence on July 18, 2011. *See United States v. Jackson*, 424 F. App'x 603, 605 (8th Cir. 2011).

On August 14, 2013, Jackson filed a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255. (Doc. 99, criminal case) ("Section 2255 Motion"). In the Section 2255 Motion, he asserted two grounds for relief. First, Jackson argued that his conviction violated his right to due process of law under the Fifth Amendment because he was improperly designated a career offender and received an enhanced sentence. Second, he argued that he was provided with ineffective assistance of counsel in violation of the Sixth Amendment. On June 4, 2015, the United States District Court for the Western District of Arkansas dismissed the Section 2255 Motion as untimely. (Doc. 113, criminal

---

[2] Jackson's written plea agreement contained no waiver of the right to contest his conviction or sentence in a post-conviction proceeding such as a collateral attack.

case).

Jackson filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("first Section 2241 Petition") in this District on September 28, 2018. *Jackson v. Werlich*, No. 18-cv-01772-SMY (S.D. Ill. 2018) (Doc. 5). That Petition was dismissed without prejudice on January 7, 2019, after Jackson missed the deadline for filing a signed and coherent Amended Petition. (Docs. 8, 10, and 11).

**Second Habeas Petition**

In his second habeas petition, Jackson now asks the Court to vacate his conviction and sentence as a career offender. He asserts that his underlying Missouri conviction for second degree burglary and Kentucky conviction for first degree robbery no longer trigger his enhanced sentence as a career offender under the Sentencing Guidelines and the reasoning set forth in *Mathis*. In addition, Jackson asserts that the district court lacked jurisdiction to convict him of bank robbery under federal law absent any reference to 18 U.S.C. § 2113(f) in his indictment.

**Discussion**

A federally convicted person must ordinarily attack his conviction or sentence by filing a motion pursuant to 28 U.S.C. § 2255 in the court that sentenced him. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). A Section 2255 Motion is generally the "exclusive means" for a federal prisoner to bring a collateral attack. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). However, Section 2255 generally limits a prisoner to a single challenge of his conviction and sentence.

If a prisoner has already filed a Section 2255 motion, he must obtain permission from the court of appeals before filing a second or successive motion. 28 U.S.C. § 2255(h). A panel of the appropriate court of appeals must certify that the motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

The Seventh Circuit has explained that under limited circumstances a prisoner may challenge

a federal conviction or sentence under 28 U.S.C. § 2241, but only where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *see also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). Section 2255(e) is known as the "savings clause" for this reason. Section 2255 is considered to be inadequate or ineffective when three requirements are met. *Brown v. Caraway*, 719 F.3d at 586 (citing *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)). First, the prisoner must demonstrate that he relies on a "statutory-interpretation case" and not a constitutional case. *Id*. (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). Second, the prisoner must establish that he relies on a decision that is retroactive on collateral review and could not have been invoked in his first Section 2255 motion. *Id*. Third, the complained-of error must have been grave enough to be deemed a "miscarriage of justice." *Id*. (citing *In re Davenport*, 147 F.3d at 611-12 (a prisoner must show a "fundamental defect in his conviction or sentence")). *See also Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016).

The savings clause affords Jackson no relief. Some errors can be raised in a direct appeal but not in a collateral attack, such as a Section 2255 Motion or a Section 2241 Petition. A claim that a defendant was incorrectly sentenced as a career offender under the *advisory* Sentencing Guidelines is one such claim. *See Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013); supplemented on denial of reh'g, 724 F.3d 915 (7th Cir. 2013); *see also United States v. Coleman*, 763 F.3d 706, 708-09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for [Section] 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

The Sentencing Guidelines have been advisory since the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005). *See Perry v. United States*, 877 F.3d 751 (7th Cir. 2017). Jackson was sentenced in the post-*Booker* era. The Presentence Investigation Report determined that he qualified as a career offender who was subject to a Guidelines sentencing range of 360 months to life.

4

The District Court ultimately sentenced him to 420 months of incarceration. Jackson's sentence was thus within the advisory Guidelines range. Binding precedent in the Seventh Circuit bars him from challenging his sentence in a post-conviction proceeding because he can show no miscarriage of justice.

The savings clause also affords Jackson no relief for the jurisdictional challenge he attempts to bring to his federal bank robbery conviction pursuant to *United States v. Wang*, 222 F.3d 234 (6th Cir. 2000), and numerous "related" cases cited in the second Section 2241 Petition. (*See* Doc. 1, pp. 7, 11-50). *Wang* was decided long before Jackson's conviction, sentence, appeal, or collateral attacks. The Sixth Circuit decision does not satisfy the requirements necessary to trigger application of the savings clause pursuant to *In re Davenport*. Jackson should have brought the jurisdictional challenge, if at all, in his underlying criminal case, direct appeal, or a timely-filed collateral attack. Section 2241 provides him with no avenue to relief.[3]

## Disposition

For these reasons, the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice.

Jackson is **ADVISED** that his obligation to pay the $5.00 filing fee for this habeas action was incurred at the time the action was filed, and he remains obligated to pay the fee.

If Jackson wishes to appeal this dismissal, he may file a notice of appeal with this Court within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* must set forth the issues Jackson plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). It may be denied, if Jackson fails to pay the $5.00 filing fee for the underlying action before seeking

---

[3] Jackson alludes to other cases in his second Section 2241 Petition and exhibits. However, they do not warrant habeas relief. This includes *United States v. Naylor*, 887 F.3d 397, 399 (8th Cir. 2018), where the Eighth Circuit recently held that a defendant's prior convictions for second degree burglary under Mo. Rev. Stat. § 569.170 (1979) do not qualify as violent felonies under the Armed Career Criminal Act ("ACCA"). That case was on direct appeal and involved the ACCA, not the United States Sentencing Guidelines.

5

leave to appeal *in forma pauperis*. Further, if Jackson does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for Jackson to obtain a certificate of appealability in an appeal from this petition brought under § 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  March 5, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**